THE FANO FAMILY OF FAGAALU, by its representatives
Faatiliga Tapuvae, Tautai A.F. Faalevao, Seanoa B. Fano,
Fealofani Shimasaki, Leafu Tilei, and Faagai Fano, Plaintiffs,

v.

AMERICAN SAMOA GOVERNMENT, ASG HOSPITAL
AUTHORITY, ITS CHIEF EXECUTIVE OFFICER TAUFETE`E
JOHN FAUMUINA JR., THE HARBOR CONSTRUCTION CO.,
AND APECS CONSTRUCTION, Defendants.

High Court of American Samoa
Land and Titles Division

LT No. 34-04

December 8, 2004

Before RICHMOND, Associate Justice, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs Fano Family, Tautai A.F. Faalevao
For Defendants American Samoa Government, ASG Hospital
Authority, and Taufete'e John Faumuina, Jr., Fiti A. Sunia,
Attorney General, and Diane Roy, Assistant Attorney General
For Defendants, The Harbor Construction Co. and Apecs

Construction, William H. Reardon

## ORDER DENYING MOTION FOR RECONSIDERATION
## AND DISMISSING ACTION

### Introduction

In 1965, through condemnation proceedings, Defendant American Samoan Government ("ASG") acquired communal land in Fagaalu owned by the Fano family ("Plaintiffs"). Upon such land, ASG constructed the Lyndon B. Johnson Tropical Medical Center ("LBJ"). In 2003, LBJ began additional construction of a new building and a stream relocation project within the condemned portion of the property. On October 5, 2004, Plaintiffs filed a motion for a temporary restraining order and an application for a preliminary injunction to enjoin ASG from the LBJ construction projects, arguing that the construction was a wrongful occupation and interfered with the use and enjoyment of family lands. On October 6, 2004, we granted the motion for a temporary restraining order stopping the construction.

On October 13, 2004, we heard Plaintiffs' application for a preliminary injunction. On October 26, 2004, we denied Plaintiffs' application with regard to their quiet title action, concluding that because Plaintiffs' were afforded due process and adequately compensated at the time of condemnation, ASG properly exercised its eminent domain powers and that the affected land at issue was therefore owned by ASG. In determining such, we requested the parties to provide submissions as to why this action should not be dismissed altogether.

Having considered the memoranda in support of Plaintiffs' motions for reconsideration of our denial of the application for a preliminary injunction and for leave to file an amended complaint, as well as the parties' arguments during a November 22, 2004 hearing on this issue, we deny both motions and now dismiss this action.

### Discussion.

We will not repeat in detail our legal reasoning set forth in our earlier order denying Plaintiffs' application for a preliminary injunction. Because we regard that order as a correct interpretation of the law of eminent domain, as applicable to this action, we only reiterate the holding to clarify the misgivings expressed by Plaintiffs in their motions for reconsideration and for leave to file an amended complaint.

We note that in our earlier order we found that the condemnation statute in place during the 1965-67 eminent domain proceedings improperly failed to comply with the procedural requirements of Article 1, Section 3

of the 1960 Constitution because the statute was not enacted by two consecutive legislatures by a 2/3 vote and approved by the Governor. We concluded, however, that although the statute failed the consecutive enactment requirement under Section 3, the substantive language set forth in the statute, and followed by ASG during the condemnation of the Fano family land, independently satisfied the constitutional due process requirements under Article 1, Section 2 regarding ASG's eminent domain powers. That is, in evaluating the due process needed to comply with Section 2, we were concerned simply whether ASG provided Plaintiffs with an adequate forum to raise any dispute to condemnation of the land, and to ensure fair compensation, not whether such a forum was provided for by statute or otherwise. The condemnation procedures undertaken by ASG met in substance the Section 2 due process requirement.

Plaintiffs' indicate that it is their belief that under the 1960 Constitution, the section 3 consecutive enactment procedures must be followed when ASG asserts Section 2 eminent domain powers. Plaintiffs suggest this, among other reasons, that because Section 3 serves to facilitate the important territorial policy of preserving American Samoa's unique cultural land tenure system of family communally-owned land, our decision allowing ASG takings without benefit of a statute that complies with Section 3 erodes this policy. We disagree. Eminent domain powers are limited to condemnation of privately held lands for a "public purpose." Where land is sought to be acquired by private individuals for a private purpose, or by ASG for a non-public purpose, the Section 3 requirements of approval by two consecutive legislatures and the Governor for transfer of such land remain in effect. However, as we stated in our earlier holding and in *Meredith v. American Samoa Gov't*, "the presumption that all land is communal and the commitment to the Samoan way of life does not overcome the urgent need for unrestricted title to condemned land." *See* 2 A.S.R.2d 66, 68-69 (1985). Thus, rather than eroding the policy behind Section 3, our holding simply recognized that in the context of necessary ASG takings of private lands for a public purpose and with just compensation given under Section 2 of the 1960 Constitution, we look to the nature of the due process afforded, and not the statutory name that such due process takes, to determine if ASG properly asserted its eminent domain powers. Consequently, we must deny Plaintiffs' motion for reconsideration.

Plaintiffs, having been given adequate opportunity to fashion additional arguments as to why their claim should not be dismissed, both at hearing and in their proposed amended complaint, have not introduced additional factual arguments that present a claim within the legal framework of our earlier order. Plaintiffs continue to argue that all the alleged injuries, tortious or otherwise, have occurred on land wholly within the area condemned during the 1965-67 proceedings. Because we

have concluded in our earlier order that this land no longer belongs to Plaintiffs, it follows that Plaintiffs have not shown injury as a result of any actions taken on it. Consequently, even were we to grant Plaintiffs' motion for leave to file an amended complaint to include allegations pertaining to their administrative tort claims, which apparently ripened upon the Attorney General's failure to respond in writing to such claims within three months pursuant to A.S.C.A. § 43.1205(a), our decision would remain unchanged. Because Plaintiffs do not own the land in which they allege the torts have occurred, they have not stated a cause of action in either their original complaint or proposed amended complaint for any current or additional claims or injuries related to that land. Therefore, we must deny Plaintiffs' motion for leave to file an amended complaint and dismiss the action.

## Order

Adhering to our earlier legal framework set forth in our order of October 26, 2004, denying Plaintiffs' application for preliminary injunction, we deny Plaintiffs' motions for reconsideration and for leave to file an amended complaint. In turn, by failing to allege a cause of action relating to land owned by ASG, with or without the administrative tort claim allegation, we dismiss Plaintiffs' claims in their entirety.

It is so ordered.